**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 24-1364**

───────────

COVINGTON SPECIALTY INSURANCE COMPANY,

Plaintiff - Appellee,

v.

OMEGA RESTAURANT & BAR, LLC,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Elizabeth W. Hanes, District Judge.  (2:21-cv-00247-EWH-RJK)

───────────

Argued:  January 29, 2026                          Decided:  July 20, 2026

───────────

Before WILKINSON, WYNN, and BERNER, Circuit Judges.

───────────

Remanded by published opinion. Judge Berner wrote the opinion, in which Judges Wilkinson and Wynn joined.

───────────

**ARGUED:**  John V. Golaszewski, CASAS LAW FIRM, P.C., New York, New York, for Appellant.  Charles M. Sims, O'HAGAN MEYER PLLC, Richmond, Virginia, for Appellee.  **ON BRIEF:**  Joseph M. Rainsbury, O'HAGAN MEYER PLLC, Richmond, Virginia, for Appellee.

───────────

BERNER, Circuit Judge:

Omega Restaurant & Bar, LLC owns and operates a nightclub in Virginia Beach, Virginia. To promote its business, Omega posted images of professional models on its website and social media accounts without their permission. The models sued, alleging that Omega misappropriated their likenesses and injured their professional reputations by posting their images online. Soon after receiving notice of the models' lawsuit, Omega notified its commercial insurer Covington Specialty Insurance Company. While Covington agreed to defend Omega against the lawsuit, Covington reserved its right to cease providing defense if it later determined that the lawsuit did not fall within the risks covered by Omega's insurance policy.

Covington subsequently filed this lawsuit against Omega, seeking a declaration that its policy with Omega did not cover the models' lawsuit and that therefore Covington had no duty to defend or indemnify Omega. The parties cross-moved for summary judgment. The district court granted summary judgment to Covington and denied Omega's motion. It concluded that there was no duty to defend or indemnify. Omega then moved to amend or alter the judgment, which the district court denied. Omega timely appealed these rulings.

After Covington filed its action for declaratory relief but before the district court entered final judgment, the models settled their lawsuit against Omega, and a consent judgment was entered. Pursuant to the consent judgment, the models agreed to dismiss their lawsuit against Omega with prejudice. Though the consent judgment was publicly filed, nothing in the record suggests that Omega notified the district court that the models' lawsuit had been dismissed. Nor is it clear from the record at what point or how Covington

2

learned of its dismissal. On appeal, Covington contends, for the first time, that its declaratory relief lawsuit was rendered moot by the settlement between Omega and the models. Thus, Covington urges us to dismiss this appeal for lack of subject matter jurisdiction.

Because the question of mootness was raised for the first time on appeal, there are no findings of fact or conclusions of law that bear on this issue before us to review. We therefore remand to the district court to address in the first instance whether there continues to be a live case or controversy under Article III of the United States Constitution.

I.

Covington Specialty Insurance Company (Covington) provided commercial general liability insurance to Omega Restaurant & Bar, LLC (Omega) for liability against claims relating to Omega's operation of a nightclub in Virginia Beach, Virginia. The insurance policy (the Policy) requires Covington to defend Omega against lawsuits for, among other injuries, personal and advertising injuries, subject to certain conditions and exclusions.

In September 2020, several professional models with large followings on social media (the Models) filed a lawsuit against Omega in Virginia state court.

The Models allege that Omega, in an effort to promote its nightclub, posted images of them on its website, Facebook page, and in other online advertising. The Models describe Omega as a nightclub where "nude and/or semi-nude women entertain . . . clientele." Parties' Joint Appendix (J.A.) 81. The Models further allege that they never agreed to allow Omega to use their images online to promote the nightclub and

that the posting of their images created a false impression that they work at Omega or, at a minimum, that they support the nightclub. The Models maintain that their "careers in the modeling industry place a high degree of value on their good will and reputation, which is critical in order to maximize their earning potential, book modeling contracts, and establish each of their individual brands." J.A. 65. Thus, according to the Models, their professional modeling careers suffered substantially.

After the Models amended their complaint in April 2021, Omega removed the lawsuit to the United States District Court for the Eastern District of Virginia. Covington argues that this underlying lawsuit is not covered by the Policy.

Seeking defense and indemnification in connection with the Models' lawsuit, Omega provided notice of the lawsuit to Covington as required under the Policy. Though Covington initially agreed to provide defense, it did so under a reservation of rights. Covington informed Omega that it would cease defending against the lawsuit if it was later determined that there was no coverage.

## II.

Covington filed this lawsuit in the United States District Court for the Eastern District of Virginia in May 2021, seeking a declaration that it has no duty to defend or indemnify Omega in connection with the Models' lawsuit. In the fall of 2021, Covington and Omega cross-moved for summary judgment.

In March 2022, the Models and Omega settled the underlying lawsuit, and a consent judgment was entered. The Models agreed to dismiss their lawsuit against Omega in

4

consideration for Omega's agreement to entry of a $155,000 consent judgment. Omega also agreed to assign to the Models all of its rights and claims against Covington under the Policy. For their part, the Models agreed to dismiss their lawsuit with prejudice and to take no further action against Omega "save and except for [Omega's] assets consisting of any and all right, title and interest in the [] Policy. . . ." Final Consent Judgment (Response Br., Add. at 3).

There is nothing in the record to suggest that the district court was made aware that the settlement had been reached in the underlying lawsuit or that a consent judgment had been entered. Covington attached a copy of the consent judgment as an addendum to its response brief before this court.

In March 2023, one year after the underlying lawsuit had been settled, the district court granted Covington's motion for summary judgment and denied Omega's cross-motion. *Covington Specialty Ins. Co. v. Omega Rest. & Bar, LLC*, 666 F. Supp. 3d 528, 547 (E.D.V.A. 2023). Applying the law of the Commonwealth of Virginia, the district court analyzed the allegations in the underlying lawsuit and the language of the Policy. *Id.* at 536–47. The district court concluded that, under its plain terms, the Policy provided no coverage for any of the injuries alleged by the Models. Thus, the district court ruled that Covington had no duty to defend Omega. *Id.* Because the duty to defend is broader than the duty to indemnify, the district court concluded that Covington also had no duty to indemnify. *Id.* at 547. Having concluded that there was neither a duty to defend nor a duty to indemnify, the district court granted Covington's motion for summary judgment and denied Omega's cross-motion. *Id.*

5

Omega moved to alter or amend the district court order granting summary judgment to Covington pursuant to Federal Rule of Civil Procedure 59(e), which the district court denied in March 2024.

Omega timely appealed from both rulings.


### III.

On appeal, Omega argues that the district court erred because the Models' amended complaint contains allegations that, if true, fall within the risk covered by the Policy. In response, Covington argues as a threshold matter that Omega's appeal must be dismissed as moot because Omega no longer faces liability in the underlying lawsuit. On the merits, Covington argues that the district court correctly concluded that the Policy provides no coverage.

We must first consider the question of our subject matter jurisdiction before reaching the merits of an appeal. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Federal courts lose subject matter jurisdiction after a case has become moot. *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017).

A case becomes moot and must be dismissed for lack of jurisdiction when there is no longer a live case or controversy between the parties. *Hirschfeld v. ATF*, 14 F.4th 322, 326 (4th Cir. 2021). This is so when it is impossible for a court to grant any meaningful relief whatsoever to a prevailing party. *MOAC Mall Holdings LLC v. Transform Holdco, LLC*, 598 U.S. 288, 295 (2018) (citing *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). "The case remains live '[a]s long as the parties have a concrete interest, however small, in the

outcome of the litigation.'" *Id.* (quoting *Chafin*, 568 U.S. at 172). "In short, 'we may only decide cases that matter in the real world' at the time that we decide them." *Eden, LLC v. Justice*, 36 F.4th 166, 170 (4th Cir. 2022) (quoting *Norfolk S. Ry. v. City Of Alexandria*, 608 F.3d 150, 161 (4th Cir. 2010)).

Covington argues that there can be no duty to defend because its lawsuit against Omega was rendered moot when the Models' lawsuit settled. Covington further contends that there can be no duty to indemnify Omega because, pursuant to the consent judgment, Omega no longer faces any risk of liability in that suit. Accordingly, Covington argues, this action for declaratory relief must be dismissed for lack of jurisdiction because Omega has no concrete interest in its outcome.

Covington raised mootness for the first time in its response brief before this court. Though Covington waited nearly two and a half years after the consent judgment in the underlying lawsuit had been entered to raise this argument, mootness is jurisdictional and thus can neither be waived nor forfeited. *See Gonzales v. Thaler*, 565 U.S. 134, 141 (2012). Because the district court had no opportunity to consider mootness, however, the relevant factual record before us is undeveloped. Addressing Covington's mootness argument would compel us to make factual findings, a responsibility reserved for the district court. *See Pub. Int. Legal Found., Inc. v. Wooten*, 164 F.4th 362, 366 (4th Cir. 2026). The record is silent, for example, as to whether there continues to be any cognizable interest at stake in this case. Relatedly, the record is murky, at best, as to whether or when Covington abandoned its defense of Omega in the underlying action brought by the Models. Rather than go beyond our role as a "court of review, not of first view," *Roberts v. Carter-Young,*

7

*Inc.*, 131 F.4th 241, 252 (4th Cir. 2025) (quoting *Lovelace v. Lee*, 472 F.3d 174, 203 (4th Cir. 2006)), we exercise our discretion to remand to the district court to determine in the first instance whether there remains a live case or controversy.

## VI.

For the reasons set forth above, we remand to the district court to consider the question of mootness. Because we remand for consideration of this jurisdictional issue, we do not reach the merits of Omega's arguments on appeal. Should it be determined that a case or controversy continues to exist, and thus federal jurisdiction lies, our decision does not preclude Omega from raising its arguments in a future appeal.

*REMANDED*